USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/8/08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------X
                                          :
LEROY DORSEY,                             :
                      Plaintiff,          :
                                          :
           -v-                            :
                                          :    07 Civ. 11312 (DLC)
N.Y.S. OFFICE OF MENTAL HEALTH; JOHN      :
DOE, EMPLOYEE, STAFF CHIEF, SING SING     :    MEMORANDUM
CORR.; JANE DOE, EMPLOYEE,                :    OPINION & ORDER
RECEPTIONIST, SECRETARY, SING SING        :
CORR.,                                    :
                      Defendants.         :
                                          :
------------------------------------------X

DENISE COTE, District Judge:

On April 2, 2008, plaintiff Leroy Dorsey was ordered to show cause why this action should not be dismissed pursuant to 28 U.S.C. § 1915, which provides in pertinent part that an action filed in forma pauperis shall be dismissed if the Court finds that the action "is frivolous or malicious," or "fails to state a claim on which relief may be granted." Id. § 1915(e)(2)(i)-(ii). Dorsey responded to the order by submission dated April 30; the defendants responded by submission dated May 6. The action is dismissed.

BACKGROUND

As described in the April 2 Order, this action concerns the release of plaintiff's psychiatric records to the Kings County District Attorney's Office, allegedly without plaintiff's consent and in violation of his constitutional rights. The

Office of the Attorney General of the State of New York (the "Attorney General") demonstrated that the records were released in connection with plaintiff's Eastern District of New York habeas action. In that action, plaintiff claimed that his failure to timely file his petition was due to his mental condition. Accordingly, the Eastern District judge ordered that the Kings County District Attorney's Office -- the respondent in that action -- produce "any documentation that it can obtain (e.g., records of psychiatric treatment) that would be relevant to Dorsey's argument for equitable tolling." Dorsey v. Haponik, No. 05 Civ. 3424 (FB), Dkt. No. 20 (E.D.N.Y. Jan. 31, 2007) (the "January 31 Order"). The Attorney General also provided the Court with a letter from the Kings County District Attorney's Office, which responded to the January 31 Order by requesting plaintiff's psychiatric records from Sing Sing Correctional Facility, where he is incarcerated.

By letter dated March 18, the Attorney General requested dismissal of this action pursuant to 28 U.S.C. § 1915, claiming that the action is "frivolous or otherwise dismissible." An Order was issued on March 19 advising the plaintiff that, "to the extent the release of the psychiatric records was pursuant to the January 31 Order requiring the respondent in plaintiff's habeas petition to obtain the records of plaintiff's psychiatric treatment in connection with plaintiff's argument for equitable

2

tolling, this action will be subject to dismissal at the appropriate time." The Attorney General again requested dismissal on March 31, and the Order to Show Cause was issued on April 2.

Dorsey's submission in reply to the Order to Show Cause was filed on April 30. Attached to this submission was a copy of the New York State Department of Correctional Services Form #3124: Authorization for Use or Disclosure of Protected Health Information Including Confidential HIV Related Information. Dorsey claims principally that the defendants violated his constitutional rights by disclosing his medical records without having first procured a signed authorization form from him. The Attorney General replied on May 6.

DISCUSSION

Pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), a court may "dismiss the complaint . . . if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted." Id. § 1915A(b)(1); see also Shakur v. Selsky, 391 F.3d 106, 112 (2d Cir. 2004) (explaining that §§ 1915 and 1915A "recite identical grounds for dismissal"). Nonetheless, "nothing in sections 1915 and 1915A alters the settled rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim

3

which would entitle him to relief." Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007). The Second Circuit counsels that "[p]roviding a plaintiff with notice and an opportunity to be heard is often necessary to establish the fairness and reliability of a dismissal." Id.

In this case, both the Attorney General and this Court provided Dorsey with notice of the Attorney General's request to dismiss this case pursuant to § 1915. The Court further provided Dorsey with an opportunity to be heard with respect to the Attorney General's request. Having considered the parties' submissions, the action is dismissed pursuant to §§ 1915 and 1915A.

Dorsey's complaint fails to state a claim upon which relief can be granted. Both federal and state law permit the release of mental health records, without patient consent, upon court order. See 45 C.F.R. § 164.512(e); N.Y. Mental Hygiene Law § 33.13(c)(1).[1] The mental health records at issue were disclosed

---

[1]   As the Attorney General observes, New York Mental Health Law permits disclosure of mental health records by court order "upon a finding by the court that the interests of justice significantly outweigh the need for confidentiality." N.Y. Mental Hygiene Law § 33.13(c)(1). The Attorney General argues that this standard was met "in substance" by Judge Block's order releasing Dorsey's records because that order was "manifestly based on a finding of the interests of justice, indeed for Mr. Dorsey's benefit as a potential basis for his equitable tolling argument." The Court agrees, and finds that any argument based on the absence of "a finding by the court that the interests of

4

pursuant to court order; the court order was issued at Dorsey's behest, in response to his claim that his mental state precluded him from timely filing his habeas petition. Dorsey has done nothing to controvert the Attorney General's representation that his mental health records were released to comply with the January 31 Order.[2] The disclosure of his mental health records under these circumstances precludes any claim that the records were released "with deliberate indifference," as Dorsey claims.

Dorsey's arguments in response to the Order to Show Cause are unavailing. The authorization form cited and provided by Dorsey applies primarily to HIV-related medical information, which is governed by Article 27-F of the New York Public Health Law. See N.Y. Pub. Health Law § 2785. Dorsey's complaint turns on the disclosure of his mental health records; nowhere does he allege that information concerning his HIV status, testing, or exposure was disclosed. Accordingly, he can find no support for his claim in Health Law 27-F or Form #3124. Even if Health Law

---

justice significantly outweigh the need for confidentiality" in this case would be frivolous.

[2]  Further, a review of the docket sheet in Dorsey's Eastern District habeas case indicates that Dorsey interposed no objection to that court's order that the King's County District Attorney produce Dorsey's mental health records. Nor did Dorsey make any reply to a letter dated February 16, 2007, from the King's County District Attorney to the Eastern District judge, indicating that the District Attorney had requested Dorsey's psychiatric records from Sing Sing. See Dorsey v. Haponik, No. 05 Civ. 3424 (FB), Dkt. No. 21 (E.D.N.Y. Feb. 16, 2007).

5

27-F did bear on Dorsey's claims, defendant's disclosure of his health records would be permissible, as it was effected pursuant to court order.

CONCLUSION

This action is dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), upon a finding that the complaint fails to state a claim upon which relief may be granted. The Clerk of Court shall close the case.

SO ORDERED:

Dated:   New York, New York
         May 8, 2008

                                    _____
                                            DENISE COTE
                                    United States District Judge

Copies sent to:

Leroy Dorsey
No. 97-A-3442
Woodbourne Correctional Facility
99 Prison Road, P.O. Box 1000
Woodbourne, NY 12788

Richard W. Brewster
Assistant Attorney General
Office of the N.Y. Attorney General
120 Broadway
New York, NY 10271-0332